CENTER FOR DISABILITY ACCESS
Ray Ballister, Jr., Esq., SBN 111282
Russell Handy, Esq., SBN 195058
Phyl Grace, Esq., SBN 171771
Dennis Price, Esq., SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Scott Schutza**,<br><br>   Plaintiff,<br><br>v.<br><br>**Mzuri Holdings, LLC,** a California Limited Liability Company;<br>**Zuheir Inc.,** a California Corporation; and Does 1-10,<br><br>   Defendants. | Case No.  **'17CV1260 BEN JMA**<br><br>**Complaint For Damages And Injunctive Relief For** Violations Of: American's With Disabilities Act; Unruh Civil Rights Act |

Plaintiff Scott Schutza complains of Defendants Mzuri Holdings, LLC, a California Limited Liability Company; Zuheir Inc., a California Corporation; and Does 1-10 ("Defendants") and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. He is a paraplegic who cannot walk and who uses a wheelchair for mobility.

2. Defendant Mzuri Holdings, LLC owned the real property located at or about 6950 El Cajon Blvd., San Diego, California, in December 2016.

1

Complaint

3. Defendant Mzuri Holdings, LLC owns the real property located at or about 6950 El Cajon Blvd., San Diego, California, currently.

4. Defendant Zuheir Inc. owned the Comprehensive Glass Works located at or about 6950 El Cajon Blvd., San Diego, California, in December 2016.

5. Defendant Zuheir Inc. owns the Comprehensive Glass Works store ("Store") located at or about 6950 El Cajon Blvd., San Diego, California, currently.

6. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

8. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

9. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is

Complaint

located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

10. The Plaintiff went to the Store twice in December 2016 to shop.

11. The Store is a facility open to the public, a place of public accommodation, and a business establishment.

12. Parking spaces are one of the facilities, privileges, and advantages offered by Defendants to patrons of the Store.

13. Unfortunately, although parking spaces were one of the facilities specifically reserved for patrons, there were no compliant accessible handicap parking spaces available for persons with disabilities that complied with the Americans with Disability Act Accessibility Guidelines (ADAAG) during plaintiff's visits.

14. The van parking space and access aisle had pallets of merchandise, windows, equipment and work trucks parked on the parking space and access aisle.

15. Indeed, on a regular and ongoing basis, the defendants place merchandise, pallets, and windows in the parking space and access aisle marked and reserved for persons with disabilities.

16. As a result, the van parking space was not available to customers during the days that plaintiff visited.

17. The defendants have absolutely no policy in place to make sure that the parking space and access aisle marked and reserved for persons with disabilities are kept free and clear.

18. In fact, the defendants have a habit of obstructing the parking space and access aisle on a regular basis.

19. Additionally, the parking stall and access aisle were not level with each other.

Complaint

20. The parking space and access aisle had slopes greater than 2.1%.

21. Currently, the parking stall and access aisle are not level.

22. Currently, the slopes are greater than 2.1%.

23. The defendants had no policy or plan in place to make sure that the accessible parking space reserved for persons with disabilities remained useable prior to plaintiff's visits.

24. The defendants have no policy or plan in place to make sure that the accessible parking space reserved for persons with disabilities remain useable currently.

25. Meanwhile, the transaction counter is 42 inches in height. There is no lowered, 36 inch portion of counter for use by persons in wheelchairs.

26. Plaintiff personally encountered these barriers.

27. This inaccessible parking lot denied the plaintiff full and equal access and caused him difficulty and frustration.

28. Plaintiff would like to return and patronize the Store but will be deterred from visiting until the defendants cure the violations.

29. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

30. The violations identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

31. For example, the defendants could easily remove the pallets of merchandise, windows, equipment and truck from the access aisle, which would make the parking space fully compliant with federal and state access

Complaint

standards.

32. For example, one of the common barrier removal projects is to modify transaction counters so that there is an accessible portion of counter. This is a simple architectural and construction task, well within the capabilities of any general contractor, and done with a modicum of expense and effort.

33. Plaintiff is and has been deterred from returning and patronizing the Store because of his knowledge of the illegal barriers that exist. Plaintiff will, nonetheless, return to the business to assess ongoing compliance with the ADA and will return to patronize the Store as a customer once the barriers are removed.

34. Given the obvious and blatant violation, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the Complaint to provide proper notice regarding the scope of this lawsuit once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See *Doran v. 7-11*, 506 F.3d 1191 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to her disability removed regardless of whether he personally encountered them).

35. Additionally, on information and belief, the plaintiff alleges that the failure to remove these barriers was intentional because: (1) these particular barriers are intuitive and obvious; (2) the defendants exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because, had the defendants intended any other configuration, they had the means and ability to make the change.

Complaint

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of plaintiffs and against all defendants (42 U.S.C. section 12101, et seq.)

36. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

37. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

    a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

    b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

    c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals

| | |
|---|---|
| 1 | with disabilities. 42 U.S.C. § 12183(a)(2). |
| 2 | 38. Under the 1991 Standards, parking spaces and access aisles must be |
| 3 | level with surface slopes not exceeding 1:50 (2%) in all directions. 1991 |
| 4 | Standards § 4.6.3. Under the 2010 Standards, access aisles shall be at the same |
| 5 | level as the parking spaces they serve. Changes in level are not permitted. |
| 6 | 2010 Standards 502.4. "Access aisle are required to be nearly level in all |
| 7 | directions to provide a surface for wheelchair transfer to and from vehicles." |
| 8 | 2010 Standards § 502.4 Advisory. No more than a 1:48 slope is permitted. |
| 9 | 2010 Standards § 502.4. |
| 10 | 39. Here, the failure to provide level parking is a violation of the law. |
| 11 | 40. Any business that provides parking spaces must provide accessible |
| 12 | parking spaces. 1991 Standards § 4.1.2(5); 2010 Standards § 208. To qualify |
| 13 | as a reserved handicap parking space, the space must be properly marked and |
| 14 | designated. Under the ADA, the method, color of marking, and length of the |
| 15 | parking space are to be addressed by State or local laws or regulations. See 36 |
| 16 | C.F.R., Part 1191, § 502.3.3. Under the California Building Code, to properly |
| 17 | and effectively reserve a parking space for persons with disabilities, each |
| 18 | parking space must be at least 216 inches in length. CBC § 11B-502.2 Under |
| 19 | the California Building Code, to properly and effectively reserve a parking |
| 20 | space for persons with disabilities, each such space must be identified with a |
| 21 | reflectorized sign permanently posted adjacent to and visible from each stall |
| 22 | or space. CBC § 1129B.4. The sign must consist of the International Symbol |
| 23 | of Accessibility (♿) in white on a blue background. Id. It cannot be smaller |
| 24 | than 70 square inches and must be mounted so that there is a minimum of 80 |
| 25 | inches from the bottom of the sign to the parking space. Id. Signs must be |
| 26 | posted so that they cannot be obscured by a vehicle parking in the space. Id. |
| 27 | An additional sign or additional language below the symbol of accessibility |
| 28 | must state, "Minimum Fine $250" to ensure that the space remains available |

7

Complaint

for persons with disabilities. Id. Another sign must be posted in a conspicuous place at the entrance to the parking lot or immediately adjacent to each handicap parking space, with lettering 1 inch in height, that clearly and conspicuously warn that unauthorized vehicles parking in the handicap parking spaces can be towed at the owner's expense. Id. Additionally, the surface of the handicap parking stall must have a profile view of a wheelchair occupant (♿) that is 36 inches by 36 inches. Id. And the surface of the access aisle must have a blue border. CBC § 1129B.3. The words "NO PARKING" in letters at least a foot high must be painted on the access aisle. Id.

41. Here, even though the defendants have a parking space and access aisle reserved for persons with disabilities, the defendants do not keep it clear and free from obstructions.

42. In areas used for transactions where counters have cash registers and are provided for sales or distribution of goods or services to the public, at least one of each type shall have a portion of the counter which is at least 36 inches in length with a maximum height of 36 inches above the floor. 1991 Standards § 7.2(1). Under the 2010 Standards, where the approach to the sales or service counter is a parallel approach, such as in this case, there must be a portion of the sales counter that is no higher than 36 inches above the floor and 36 inches in width and must extend the same depth as the rest of the sales or service counter top. 2010 Standards § 904.4 & 904.4.1.

43. Here, no such accessible transaction counter has been provided in violation of the ADA.

44. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

45. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

Complaint

46. Given its location and options, plaintiff will continue to desire to patronize the Store but he has been and will continue to be discriminated against due to the lack of accessible facilities and, therefore, seeks injunctive relief to remove the barriers.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of plaintiffs and against all defendants) (Cal Civ § 51-53)

47. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

48. Because the defendants violated the plaintiffs' rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages. (Civ. Code § 51(f), 52(a).)

49. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiffs, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

50. Although the plaintiff was markedly frustrated by facing discriminatory barriers and this frustration possibly qualifies as an emotional distress injury, even manifesting itself with physical symptoms that include back pain, neck pain and shoulder pain, the plaintiff does not value this frustration and physical personal injury greater than the amount of the statutory damages.

Complaint

**PRAYER**:

Wherefore, Plaintiff prays that this court award damages and provide relief as follows:

1. For injunctive relief, compelling defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act which damages provide for actual damages and a statutory minimum of $4,000.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; Cal. Civ. Code § 52.

Dated: June 18, 2017        CENTER FOR DISABILITY ACCESS

By: _____
Russell Handy, Esq.
Attorney for plaintiffs

Complaint